UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSIE HODGES ]
    Plaintiff, ]
]
v. ] No. 3:07-0284
] Trauger/Brown
R.M.S.I. MEDICAL DEPARTMENT ]
NURSES, et al. ]
    Defendants. ]

To:    Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION

By an order (Docket Entry No. 3) entered March 9, 2007, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is a Motion for Summary Judgment (Docket Entry No. 25) filed by three of the defendants (David Castile, George Little and Ricky Bell), to which the plaintiff has filed a Response (Docket Entry No. 30) in opposition.

The Magistrate Judge has conducted a review of these pleadings and the record in this case and respectfully recommends, for the reasons stated below, that defendants' Motion for Summary Judgment has merit and should be granted.

1

## I. Background

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against two unnamed nurses (Jane Does I and II) employed in the clinic at Riverbend; Ricky Bell, Warden of Riverbend; David Castile, the Chairman of the Riverbend Grievance Board; and George Little, Commissioner of the Tennessee Department of Correction; seeking injunctive relief.

In January, 2007, two unidentified nurses at the Riverbend clinic gave the plaintiff a "toxic shot", which they claimed was a skin test for tuberculosis. Since receiving this injection, the plaintiff has "been getting sicker and sicker everyday." His symptoms include dry mouth, sporadic fevers, itching and extreme weight loss.[1]

The plaintiff has signed up for sick call on several occasions but has been denied access to a doctor by Jane Does I and II. This prompted the filing of numerous grievances which have gone unanswered. The plaintiff believes that Jane Does I and II have conspired to deny him medical care in violation of his constitutional rights. He further suggests that Castile, Bell and Little have violated his constitutional rights by failing to act upon his grievances.

## II. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for

---

[1] On a trip to a hospital outside the prison, the plaintiff learned that he also suffers from diabetes. *See* Docket Entry No. 11.

summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 106 S.Ct. 2548, 2553 (1986).

But not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id.. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 88 S.Ct. 1575 (1968).

### III. Analysis of the Claims

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

3

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976). But to impose § 1983 liability on a defendant, the plaintiff must show that the defendant encouraged the specific act of misconduct or in some way directly participated in it. At a minimum, the plaintiff is required to plead and prove that the defendant implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an offending subordinate or colleague. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).

The plaintiff alleges that the defendants, Castile, Bell and Little, were made aware of his need for medical care through the grievances he filed but failed to act upon them. He does not allege, however, that these defendants had any input or involvement whatsoever in the level, need or degree of care made available to the plaintiff. Liability under § 1983 must be based upon active unconstitutional behavior rather than a mere failure to act. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, 119 S.Ct. 1763 (1999). Supervisors and administrators will not be held liable simply because they failed to intervene or act upon the letters and complaints of a prisoner, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999), as was the case here. Consequently, as a matter of law, these defendants are not subject to § 1983 liability for the alleged denial of medical care.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned finds merit in the defendants' Motion for Summary Judgment and respectfully RECOMMENDS that it be GRANTED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
Joe B. Brown
United States Magistrate Judge