UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE HODGES ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:07-0284 |
| ] | Judge Trauger |
| R.M.S.I. MEDICAL DEPARTMENT ] | |
| NURSES, et al. ] | |
|     Defendants. ] | |

O R D E R

The Court has before it a Motion for Summary Judgment (Docket Entry No. 25) filed by the three named defendants, a Report and Recommendation (Docket Entry No. 31) from the Magistrate Judge recommending that the motion be granted, and the plaintiff's timely objections (Docket Entry No. 38) to the Report and Recommendation.

The plaintiff is a prisoner who claims that two unnamed nurses at the Riverbend Maximum Security Institution have conspired to deny him medical care. He further alleges that the Warden (Ricky Bell), the Chairman of the Riverbend Grievance Board (David Castile), and the Commissioner of the Tennessee Department of Correction (George Little) violated his rights by failing to act upon his grievances complaining about the denial of medical care.

To impose liability on a prison official for a constitutional violation, the prisoner plaintiff must allege and demonstrate that the defendant in some way was directly involved in a specific act of misconduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Thus, prison administrators and supervisors will not be held liable simply because they neglected to act upon a prisoner's

grievances. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). After examining the complaint, the Magistrate Judge determined that the plaintiff had not identified a specific act of misconduct by the named defendants involving the "level, need or degree of care made available to the plaintiff". Docket Entry No. 31 at pg. 4.

In his objections, the plaintiff does not dispute the conclusion reached by the Magistrate Judge. He simply claims that, had he been given more time to conduct discovery, "he would have been able to show the Court that the defendants, Bell and Little formulated the policy and procedures which gave the defendants Jane Doe #(1) and (2) the power and authority to violate the plaintiff's constitutional rights." Docket Entry No. 38 at pg. 2.

The Court has reviewed the record *de novo* and finds that the plaintiff's objections lack merit. Therefore, the plaintiff's objections are OVERRULED. The Report and Recommendation is ADOPTED AND APPROVED in all respects. The named defendants' Motion for Summary Judgment is hereby GRANTED.

It is so ORDERED.

                                                      Aleta A. Trauger
                                                      United States District Judge