UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE HODGES, | |
| Plaintiff, | Case No. 3:07-cv-0284 |
| | Judge Trauger/Brown |
| v. | |
| | Jury Demand |
| R.M.S.I. MEDICAL DEPARTMENT NURSES, et al. | |
| Defendants. | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

The Magistrate Judge has conducted a review of the pleadings and the record in this case and, for the reasons stated below, **RECOMMENDS** that the Defendant's motion for summary judgment (Docket Entry 76) be **GRANTED**.

### I. Introduction and Background

The Plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution ("Riverbend") in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Tina Marcy and Carol Simmons who were previously employed as nurses in the clinic at

1

Riverbend.[1]

In January 2007, Defendants administered what the Plaintiff has dubbed a "toxic shot" which he alleges made him increasingly ill over an extended period of time, with symptoms including dry mouth, sporadic fevers, itching and extreme weight loss. (Docket Entry 1). This "toxic shot" appears to be a tuberculosis test ("TB test"). (Docket Entry 1, 73). Plaintiff also alleges that both Defendants conspired to deny him medical care in violation of his constitutional rights. (Docket Entry 1).

## II. Standard of Review

### A. Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party as the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. The court need not, however, accept unwarranted factual inferences. To survive a motion to dismiss, the complaint must present enough facts to state a claim to relief that is plausible on its face. *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008); See also *Dubay v. Wells*, 506 F.3d 422 (6th Cir. 2007). See also *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

---

[1] Plaintiff originally filed this action against Ricky Bell, the Warden of Riverbend, David Castile, the Chairman of the Riverbend Grievance Board; and George Little, the Commissioner of the Tennessee Department of Correction. However, all claims against these three defendants were summarily dismissed on August 24, 2007. (Docket 39).

### B. Summary Judgment

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c), *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Newman v. Federal Express Corp.*, 266 F.3d 401, 404-05 (6th Cir. 2001). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *Id*. at 249-50. Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

In considering whether summary judgment is appropriate, the district court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000). If there is a "genuine issue of material fact" then summary judgment should be denied. *Id*. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(quoting *Celotex Corp.*, 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). To defeat summary judgment, the party opposing the motion "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003)(quoting *Anderson*, 477 U.S. at 252). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment. *Id*.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the Defendants, while acting under the color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. *Street v. Corrections Corporation of America*, 102 F.3d 810 (6th Cir. 1996).

The Eighth Amendment guarantees a prisoner the right to medical care. A claim for the deprivation of adequate medical care has two components, one objective and one subjective. *Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005). To satisfy the objective component, the prisoner must allege that the medical need at issue is sufficiently serious. *Id*. To satisfy the subjective component, the prisoner must allege facts which, if true, demonstrate that prison officials were deliberately indifferent to the prisoner's medical needs. *Id*.

When applying this test, a reviewing court should first determine whether the injury is "obvious," i.e. one that has been diagnosed by a physician as mandating treatment or one that is

4

so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897-98 (6th Cir. 2004). If there is an obvious need for medical treatment, the court must then determine whether the delay in securing the care was reasonable. *Id*. at 899-900. If, however, the injury is not apparent or relatively minor, a Plaintiff must provide "medical evidence" demonstrating that the delay in treatment resulted in additional injury or unnecessary suffering. *Id*.

Further, allegations of medical malpractice or negligent diagnosis and treatment do not state a valid claim under §1983. These do not become constitutional violations merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976). If a Plaintiff receives medical attention, a court will not second guess the judgment of the medical professionals providing such treatment. *Id*. A Plaintiff is not constitutionally entitled to a particular course of treatment on his own assessment of its necessity. A disagreement with the medical treatment received does not rise to the level of a constitutional violation. *Id*. at 105-106.

Applying this standard to the instant case, the Magistrate Judge concludes that the Plaintiff does has not stated a claim under §1983. Plaintiff has produced no medical records whatsoever to the Court to establish that he has any health problems, that any alleged delay in treatment was detrimental to his health or caused unnecessary suffering, or even that he had a negative reaction to the TB test. As such, Plaintiff has produced no evidence of the seriousness of the alleged condition or that the Defendants actions and statements constituted deliberate indifference to his alleged condition.[2]

---

[2] While Plaintiff states in his response to the instant motion that he has attempted to obtain his medical records from the prison unit manager and had his request declined on February 18, 2009, it is well past the October 6, 2008, discovery deadlines in this matter. (Docket Entry 66).

5

Additionally, as to the shot itself, there is no evidence that this was not a TB test. The Defendants have produced a directive from the State of Tennessee Department of Health requiring them to administer TB tests to all those inmates who had contact with an inmate who tested positive for TB. (Docket Entry 76, Exhibit A). Shortly after receiving this directive, the forms provided indicate that Plaintiff was given a TB test, or what the Plaintiff calls a "toxic shot." (Docket Entry 76, Exhibit A). Even if the Plaintiff had a negative reaction to the TB test, the Defendants would still not be liable as negligence or medical malpractice does not provide a basis for a claim under §1983. *Estelle*, 429 U.S. at 106-107.

Further, the Plaintiff is seeking injunctive relief, requesting that he be treated by medical personnel outside the prison. (Docket Entry 1). The remaining Defendants, as former nurses at Riverbend, do not have the authority to provide this relief.

As such, the Plaintiff has failed to meet his burden of proof that a genuine issue of material fact exists to defeat Defendants' motion for summary judgment. In short, the Plaintiff has provided nothing to support his claims but his own conclusory allegations and speculation. Accordingly, the Defendants are entitled to summary judgment as a matter of law.

### III. Conclusion

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that the Defendant's motion for summary judgment (Docket Entry 76) be **GRANTED**.

Any party has ten (10) days from receipt of this Report and Recommendation in which to

---

The final pretrial conference is set for March 24, 2009, and the trial is scheduled for April 21, 2009. (Docket Entry 71). If the Plaintiff was unable to secure necessary medical records, he should have informed the Court much earlier. Further, Plaintiff indicates that he was seen by doctors at Meharry Medical Center when he was "extremely ill." (Docket Entry 83, Page 3). However, Plaintiff has also not produced these records to support his claim.

file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

ENTERED this 16th day of March, 2009.

_____
JOE B. BROWN
United States Magistrate Judge